United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Rodney Calvin McCutcheon,<br>Petitioner<br><br>v.<br><br>Florida Commission on<br>Offender Review,<br>Respondent. | )<br>)<br>)<br>)<br>)   Civil Action No. 22-14327-Scola<br>) |

### Order on Petition for Writ of Habeas Corpus

Before the Court is Petitioner, Rodney Calvin McCutcheon's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254,[1] (ECF No. 1) and memorandum of law (ECF No. 1-1) alleging violations of his constitutional rights by Respondent, Florida Commission on Offender Review ("the Commission").

The Respondent filed a response (ECF No. 11) and an index to appendix (ECF No. 11-2) with attached exhibits 1–29 (ECF Nos. 11-3–11-31). The Petitioner thereafter filed a reply (ECF No. 15). The Court has carefully reviewed the parties' written submissions, the record, and applicable law. For the following reasons, the petition is denied.

**1. Background**

On November 1, 1972, the Petitioner was convicted of Rape in Broward County Case No. F72-23029 and sentenced to life imprisonment. (*See* ECF No. 11-10 at 33–35).[2] He was paroled on May 20, 1980, for a term of life supervision. (*See id.* at 40).

---

[1] The petition is governed by both 28 U.S.C. § 2254 and 28 U.S.C. § 2241. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) (holding that a petition was subject to both § 2241 and § 2254 even though petition stated it was filed pursuant to § 2241 and did not collaterally attack petitioner's state court conviction but instead attacked a decision of the state parole commission).

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

The Petitioner was charged with violating parole in 1987 and 1989 but was restored to parole both times when the Commission found no probable cause or reasonable grounds to believe he had violated his parole to the degree that revocation of release would be required by the Commission. (*See id.* at 43–46). Upon his third violation in 1990 for a new law violation for grand theft and a conviction for dealing in stolen property, the Commission revoked parole on March 14, 1990. (*See id.* at 48–52).

On November 1, 2017, the Commission completed the Petitioner's most recent extraordinary review. (*See id.* at 100–03). The Commission was unable to make a positive parole prognosis, the Petitioner's Presumptive Parole Release Date ("PPRD") remained suspended, and the Commission scheduled the Petitioner's next interview for "within 7 years rather than within 2 years from [the Petitioner's] last interview based on [his] conviction/sentence for Rape and the Commission's finding that it is not reasonable to expect [the Petitioner] will be granted parole during the following years." (*Id.* at 100). The Commission found that parole release during the following years was not reasonable to expect based on: (1) physical and psychological trauma to the victim, (2) unreasonable risk to others, and (3) the Petitioner's status as a parole violator. (*See id.*).

On July 26, 2018, the Petitioner filed a petition for writ of habeas corpus in state court raising the same claims as the instant federal petition. (*See* ECF No. 11-4 at 2–16). On November 12, 2021, the state circuit court denied the petition and the Petitioner's subsequent appeals were unsuccessful. (*See* ECF No. 11-14 at 2–16).

The instant petition was filed on September 2, 2022.[3]

**2. Legal Standard**

Federal habeas relief is available to correct only constitutional injury. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68

---

[3] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

(1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Barclay v. Florida*, 463 U.S. 939, 957–58 (1983) ("[M]ere errors of state law are not the concern of this court, unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution."). This holds true even "when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (cleaned up).

Furthermore, "[t]here is no constitutional right to parole in Florida. . . . The decision if and when to parole an inmate is left to the discretion of the Commission guided by its own administrative rules." *Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir. 1986). Also, "[t]here is no liberty interest in the calculation of Florida's 'presumptive parole release date' even though it is binding on the Commission, because the ultimate parole decision is a matter of Commission discretion." *Walker v. Fla. Parole Comm'n*, 299 F. App'x 900, 902 (11th Cir. 2008). Where there is no liberty interest, "the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness." *Slocum v. Ga. State Bd. of Pardons & Paroles*, 678 F.2d 940, 942 (11th Cir. 1982).

Nevertheless, even where there is no liberty interest in parole, "[a] parole board may not engage in 'flagrant or unauthorized action.'" *Monroe v. Thigpen*, 932 F.2d 1437, 1442 (11th Cir. 1991). *Monroe* held a parole board's reliance on information it knew was false to deny parole constituted "flagrant or unauthorized action," and consequently the parole board "treated [the petitioner] arbitrarily and capriciously in violation of due process." *Monroe*, 932 F.2d at 1442. Since *Monroe*, the Eleventh Circuit has clarified this standard, holding "prisoners cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim. Without evidence of the Board's reliance on false information, a prisoner cannot succeed." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001); *see also Swain v. Fla. Comm'n on Offender*

*Rev.*, 780 F. App'x 676, 678 (11th Cir. 2019) (affirming district court's denial of habeas corpus petition because the Petitioner failed to prove that the Commission knowingly relied on false information).

"To plead an equal protection claim, a plaintiff must allege that 'through state action, similarly situated persons have been treated disparately.'" *Thorne v. Chairperson Fla. Parole Comm'n*, 427 F. App'x 765, 771 (11th Cir. 2011). Yet, the Supreme Court has recognized "class of one" equal protection claims where a plaintiff asserts that he was irrationally discriminated against on an individual basis, rather than as a member of a particular group. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). A plaintiff can establish a "class of one" claim by showing that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* "To be 'similarly situated,' the comparators must be prima facie identical in all relevant respects." *Grider v. City of Auburn*, 618 F.3d 1240, 1264 (11th Cir. 2010)

### 3. Discussion

### a. Timeliness

The Petitioner fails to address timeliness. (*See* ECF No. 1 at 19; *see generally* ECF No. 15). The Respondent, acknowledging that "[t]he circumstances are complex," asserts that the petition "appears to be untimely[.]" (ECF No. 11 at 21–22). In reviewing the Respondent's calculations, the Court discovered a discrepancy.[4] Rather than redoing the cumbersome timeliness calculations, the Court will skip over this step as the petition is due to be denied on the merits.

---

[4] The Respondent asserts that "[t]he Commission action challenged by Petitioner was finalized on November 2, 2017." (ECF No. 11 at 21). But the original document cited by the Respondent—the Commission's Extraordinary Interview Commission Action— makes no mention of November 2, 2017. (*See generally* ECF No. 11-10 at 100). The original document instead states that a Commission meeting was held on November 1, 2017, and the documentation was certified and mailed to the Petitioner on November 22, 2017. (*See id.*). In sum, it appears that the Respondent began counting from the wrong date.

### b. Exhaustion/Procedural Default

The Respondent asserts that several grounds in the petition are unexhausted. (*See* ECF No. 11 at 16–21). The Court opts to skip over the exhaustion analysis as the petition is due to be denied on the merits. *See Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020) ("[A] federal court may skip over the procedural default analysis if a claim would fail on the merits in any event."); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

### c. The Merits

### Ground One

The Petitioner asserts that "THE FLORIDA COMMISSION ON OFFENDER REVIEW DENIED MCCUTCHEON DUE PROCESS AMD (*SIC*) EQUAL PROTECTION OF THE LAW BY CONSIDERING FALSE INFORMATION AND ACTING ON IT IN AN ARBITRILY (*SIC*) AND CAPRICIOUSLY MANNER IN DENYING HIM A CORRECT EXTRAORDINARY PAROLE INTERVIEW." (ECF No. 1 at 6). Specifically, he argues that the state circuit court "denied Petitioner due process because it did not allow Petitioner to participate in discovery with the Commission. Petitioner should have been allowed to demonstrate with the Commission's own records, that the Commission relied on false and inaccurate information." (ECF No. 1-1 at 2). The Respondent counters that this claim "is a matter of state law and procedure, not a federal constitutional claim." (ECF No. 11 at 28). The Court agrees with the Respondent.

Although the Petitioner attempts to couch his claim "in terms of equal protection and due process," the Court concludes it "actually involves state law issues[.]" *Branan*, 861 F.2d at 1508. Namely, according to the Petitioner, "Rule 1.280, Florida Rules of Civil Procedure", "Rule 3.220 Florida Rules of Criminal Procedure", and "[R]ule 9.040(c), Florida Rules of Appellate Procedure." (ECF No. 1-1 at 2). Because deciding this claim would require reexamination of

"state-court determinations on state-law questions," Ground One is denied. *Estelle*, 502 U.S. at 67–68.

### Claim 1[5]

The Petitioner asserts that the Commission erred in assessing a Salient Factor Point for Age and Prior Incarcerations at his 2017 extraordinary review. (*See* ECF No. 1 at 8–9). He further argues that the information relied on was false because "he has no prior criminal record that resulted in incarceration[.]" (*Id.* at 8). The Respondent counters that the claim is without merit because:

> Salient factors are established at the initial PPRD establishment, which in this [case] was over twenty five years ago, (App. p. 163-165), not at the 2017 post PPRD suspension extraordinary reviews. (App. p. 202-205). *See* Fla. Admin. Code R. 23-21.007. Second, the claim was unexhausted and untimely. During his administrative review request of the PPRD establishment, Petitioner raised no issue concerning his Salient Factor Scoring. (App. p. 102-103, 167-168). Further, as the circuit court held, the Petitioner was untimely in raising this claim under section 95.11(5)(f), Florida Statutes. (App. p. 103-104, 249-250).

(ECF No. 11 at 28–29). The issue of untimeliness is a matter of state law, and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67–68. Claim 1 is thus denied.

### Claim 2

The Petitioner asserts that he was denied due process and equal protection when the Commission cited the serious nature of his offense as a reason to continue his PPRD in suspension. (*See* ECF No. 1 at 9–10). This ground was considered and rejected by the state circuit court. (*See* ECF No. 11-14 at 8–9 ("[T]he Commission possessed the discretion to use the serious nature of Petitioner's original offense as a factor in denying parole release, even though that factor was a basis for his original PPRD decision.")). Having

---

[5] The petition begins with Ground One and proceeds to Claims 1–8 (along with one Subclaim in Claim 5). In total, the Court counts ten grounds in the petition.

reviewed the record in full, the Court finds nothing unreasonable with the state court's rejection of this claim. *See* 28 U.S.C. § 2254(d).

As discussed, "[t]here is no constitutional right to parole in Florida. . . . The decision if and when to parole an inmate is left to the discretion of the Commission guided by its own administrative rules." *Jonas*, 779 F.2d at 1577. And "[t]here is no liberty interest in the calculation of Florida's 'presumptive parole release date' even though it is binding on the Commission, because the ultimate parole decision is a matter of Commission discretion." *Walker*, 299 F. App'x at 902.

The Petitioner fails to establish that the parole board engaged in "flagrant or unauthorized action." *Monroe*, 932 F.2d at 1442. To the contrary, the Court agrees with the Respondent and state court that "[t]he serious nature of the Petitioner's offense of rape was properly relied upon by the Commission to continue the PPRD suspension." (ECF No. 11 at 30). Claim 2 is thus denied.

**Claim 3**

The Petitioner objects to the Commission's reliance on the post sentence investigation report for his criminal history, claiming that it is not accurate and that the Commission may not rely on a crime for which an adjudication of guilt was withheld. (*See* ECF No. 1 at 10). First, the Petitioner fails to explain why his criminal history was inaccurate and his "conclusory allegation" is insufficient. *Jones*, 279 F.3d at 946. Second, as explained by the state circuit court, although:

> . . . an adjudication withheld, could not be counted in scoring the salient factor score, the Commission was entitled to consider Petitioner's criminal history in determining whether there is reasonable probability that, if Petitioner were placed on parole, he would live and conduct himself as a respectable and law-abiding person and that his release would be compatible with his own welfare and the welfare of society.

(ECF No. 11-14 at 9–10 (citations omitted)). Having reviewed the record in full, the Court finds nothing unreasonable with the state court's rejection of this claim. *See* 28 U.S.C. § 2254(d). Claim 3 is thus denied.

### Claim 4

The Petitioner argues that it was improper for the Commission to rely on a Florida Department of Corrections ("Department") disciplinary report because it was based on hearsay and was overturned. (*See* ECF No. 1 at 10–12). The Respondent counters that:

> [The Petitioner] seems to find fault with the Department's disciplinary process. The circuit court denied this claim (App. p. 253-255), noting that the Department's records as well as the Commission Investigator's ("CI") Rationale makes reference to a July 29, 2013, disciplinary report for filing a frivolous motion. (App. p. 119, 203). The Commission has no authority over Department disciplinary proceedings which lie solely with the Department. *See* Fla. Admin. Code R. 33-601.301-312; 33-601.314 (9-32). As held in *Adams v. State*, 560 So. 2d 321, 322 (Fla. 1st DCA 1990), the Commission is authorized to rely on the Department's records in the performance of its record keeping duties. Petitioner's potential remedy in this regard would have been through the Department or its grievance process, not the Commission.

(ECF No. 11 at 31). Although the Petitioner has attempted to couch this claim as due process violation, the Court concludes it "actually involves state law issues[.]" *Branan*, 861 F.2d at 1508. Because deciding this claim would require reexamination of "state-court determinations on state-law questions", Claim 4 is denied. *Estelle*, 502 U.S. at 67–68.

### Claim 5

The Petitioner asserts—citing "section 945.12(6), Florida Statutes, and Chapter 33-601.210(2)(h), Fla. Admin. Code"—that "the Commission failed to make any positive recommendation to help facilitate an early parole." (ECF No. 1 at 12). No constitutional injury is raised in this claim. (*See id.*). Claim 5 is thus denied. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a).

### Subclaim

In his subclaim, the Petitioner argues "that he has been denied equal protection, comparing his circumstances with that of other similar[ly] situated prisoners." (ECF No. 1 at 13). He proceeds to recount the histories of several prisoners and asserts that "[e]ach of these prisoners has served less prison time [than the Petitioner] before they were parole[d] a second time after their parole violation." (*Id.* at 14). The Petitioner misunderstands the requirements of an equal protection claim. In denying this claim, the state circuit court stated as follows:

> Petitioner raises an Equal Protection claim, based on the Commission's allegedly more favorable treatment of other inmates. "The Equal Protection Clause, however, does not demand that all persons be treated equally-it demands only reasonable conformity in dealing with persons *similarly situated*." Meola v. Dep't of Corr., 732 So. 2d 1029, 1037 (Fla. 1998)(citing *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S. ctr. 3249, 87 L.Ed. 2d 313 (1985)). "Different treatment of dissimilarly situated persons does not constitute and equal protection violation." *Meola* at 1037 (citing *E & T Realty v. Strickland*, 830 F.2d 1107, 1109 (11th Cir. 1987), *cert. denied*, 485 U.S. 961, 108 S. Ct. 1225, 99 ZL.Ed.2d 425 (1988)). Petitioner has not alleged facts that would, if true, demonstrate that other inmates had identical crimes, prior records, or disciplinary records that would establish that they were similarly situated to him but were treated disparately. Petitioner has therefore failed to state a prima facie Equal Protection claim.

(ECF No. 11-14 at 13). Having reviewed the record in full, the Court finds nothing unreasonable with the state court's rejection of this claim. *See* 28 U.S.C. § 2254(d). The Petitioner's Subclaim is thus denied.

### Claims 6, 7, and 8

These claims are directed at the Commission's reasons for imposing an extended interview interval under section 947.174(1)(b), Florida Statutes. As discussed, following his November 2017 review, the Petitioner's next interview was scheduled for "within 7 years rather than within 2 years[.]" (ECF No. 11-10 at 100).

In Claim 6, the Petitioner asserts "it was error for the Commission to incorporate the nature of the offense" in making the determination. (ECF No. 1 at 15–16). In Claim 7, he asserts "the Commission incorrectly used 'unreasonable risk to others' as a basis for extending the interval between intervals." (*Id.* at 17). Finally, in Claim 8, he asserts the Commission erred by relying on his "status as a parole violator." (*Id.*). The Petitioner cites exclusively to Florida statutes and caselaw without mention of the federal constitution— not even to broad provisions like due process or equal protection.[6] (*See id.* at 15–18). Because no constitutional injury is presented, Claims 6, 7, and 8 are denied. *See* 28 U.S.C. §§ 2241(c)(3), 2254(a).

### d. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). Here, the record refutes the Petitioner's factual allegations and precludes habeas relief. *See id.* Because the Court can "adequately assess [the Petitioner's] claim[s] without further factual development[,]" he is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

### e. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal; rather, in order to do so, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). The

---

[6] Even if the Petitioner had invoked the federal constitution, his attempt would fail. *See Branan*, 861 F.2d at 1508 ("This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process."). At bottom, these claims involve "state law issues" not cognizable on federal habeas review. *Id.*

Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must demonstrate that "reasonable jurists" would find the correctness of the district court's rulings "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petitioner does not satisfy this burden, so the Court will not issue a certificate of appealability.

### 4. Conclusion

For the foregoing reasons, Petitioner Rodney Calvin McCutcheon's petition for writ of habeas corpus under 28 U.S.C. § 2254 **(ECF No. 1)** is **denied**. A certificate of appealability is also **denied**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, the Petitioner is not entitled to appeal *in forma pauperis*. The Clerk is directed to **close** the case.

**Done and ordered**, in chambers, in Miami, Florida, on June 1, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Rodney Calvin McCutcheon
037023
Okeechobee Correctional Institution
Inmate Mail/Parcels
3420 NE 168th Street
Okeechobee, FL 34972
PRO SE